**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

**v.**                                                     **Criminal Action No. 1:10cr100**

**JOHN KANIOS,**
            **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

On the 14th day of January 2011, came the defendant, John Kanios, in person and by James Zimarowski, his attorney, and also came the United States by its Assistant United States Attorney, Shawn Morgan, for hearing on Defendant's Motion to Dismiss the Indictment, filed on January 3, 2011 (Docket Entry 14). The United States filed its Response to the Motion on January 12, 2011 (Docket Entry 22). The matter was referred to the undersigned United States Magistrate Judge on January 4, 2011, by United States District Judge Irene M. Keeley (Docket Entry 16).

## I.  Procedural History

On November 4, 2010, a Grand Jury sitting in the Northern District of West Virginia handed down an Indictment against Defendant, charging him with being a felon in possession of ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). Defendant was arraigned on December 16, 2010. The motion before the Court was filed on January 3, 2011. Trial is scheduled for May 16, 2011.

## II.  Contentions of the Parties

Defendant moves the Court, pursuant to Rules 7 and 12 of the Federal Rules of Criminal Procedure, to dismiss the Indictment. Defendant, through counsel, argues that "[r]ecent developments in law in this area raise the issue that the Defendant's Second Amendment Rights to possess firearms (and by implication ammunition) may be infringed by the Government's overbroad

prosecution of complaints involving this matter. Defendant cites <u>District of Columbia v. Heller</u>, 128 S.Ct.2783 (2008) and <u>United States v. Chester,</u> 628 F.3d 673 (4th Cir. 2010).

The Government argues that Defendant fails to cite to any case which stands for the proposition that, "since <u>Heller</u>, a convicted felon retains a lawful Second Amendment right to possess a firearm or ammunition [and] [q]uite simply, the law is directly to the contrary."

## III. DISCUSSION

Defendant is charged with being a felon in possession of ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). Defendant argues that the recent United States Supreme Court case of <u>District of Columbia v. Heller</u>, 128 S.Ct. 2783 (2008) and the recent Fourth Circuit case of <u>United States v Chester</u>, 628 F.3d 673 (4th Cir. 2010), stand for the proposition that the Government's overboard prosecution of complaints involving these matters may infringe on the individual right to bear arms under the Second Amendment of the Constitution, or, in the alternative, the Government bears the burden of establishing the constitutional propriety of its actions.

The United States argues that <u>Heller</u> protects "only weapons 'typically possessed by law-abiding citizens for lawful purposes,'" and also identifies a second limitation for "presumptively lawful regulatory measures," such as the felon dispossession provision.

In <u>Heller</u>, the United States Supreme Court stated:

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, <u>nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons</u> and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

554 U.S. at 627, 128 S.Ct. at 2817. (Emphasis added).

In a Fourth Circuit case subsequent to Heller, United States v. Brunson, 292 Fed.Appx. 259, 2008 WL 4180057 (4th Cir. 2008), the defendant on appeal asserted that 922(g)(1) exceeded Congress's authority under the Commerce Clause and violated the Second Amendment.  The Fourth Circuit stated:

> We have previously considered and rejected a similar Commerce Clause challenge in United States v. Wells, 98 F.3d 808, 810-811 (4th Cir. 1996).  Regarding the Second Amendment, the Supreme Court has recently upheld the "longstanding prohibition on the possession of firearms by felons," District of Columbia v. Heller, - - - U.S. - - - ,128 S.Ct. 2783, 2816-1817, 171 L.Ed.2d 637 (2008) (examining the Second Amendment).  Accordingly, Brunson's constitutional challenges to the firearm statue are meritless.

(Emphasis added).

Although the Fourth Circuit in Chester, the case cited by Defendant, does hold that intermediate scrutiny applies to the determination of the constitutionality of 922(g)(9), importantly, 922(g)(9) (the prohibition of possession of firearms by those convicted of misdemeanor domestic violence) is not one of the "presumptively lawful regulatory measures" (such as 922(g)(1) regarding convicted felons) that was specifically enumerated by the United States Supreme Court in Heller.

Further, in McDonald v. City of Chicago, Ill., a case decided long after Heller, the United States Supreme Court reiterated:

> It is important to keep in mind that *Heller*, while striking down a law that prohibited the possession of handguns in the home, recognized that the right to keep and bear arms is not "a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose."  554 U.S., at - - -, 128 S.Ct., at 2816.  We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as "prohibitions on the possession of firearms by felons and the mentally ill . . . . We repeat those assurances here.  Despite municipal respondents' doomsday proclamations, incorporation does not imperil every law regulating firearms.

- - - U.S.- - -. 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010)(Emphasis added).

Upon consideration of all of the above, the undersigned United States Magistrate Judge finds that the Indictment of Defendant on charges he violated Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), does not infringe on Defendant's Second Amendment Rights.

### IV.  Recommendation

For the reasons herein stated, the undersigned accordingly respectfully recommends Defendant's Motion to Dismiss Indictment (Docket Entry 14) be **DENIED**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Proposed Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such proposed findings and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 18th day of February , 2011.

_John S. Kaull_
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE